Circuit Court, District of Columbia. Nov. Term, 1810.

PRACTICE AT LAW — CAPIAS FOR DEBT ISSUED BY CIRCUIT COURT—PRISON-BOUNDS BOND—VALIDITY OF DISCHARGE BY JUSTICE OF THE PEACE.

A debtor committed upon a capias ad satisfaciendum issued from a court of the United States cannot be discharged in Virginia, by two justices of the peace under the provisions of the law of the state.

This was an action of debt [by Knox and Crawford against Summers and Thomas,] upon a prison-bounds bond given to D. M. Randolph, marshal of the district of Vir-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 3 Cranch (7 U. S.) 496.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

ginia, upon a capias ad satisfaciendum issued from the circuit court of the United States, for the district of Virginia. The marshal committed him to the custody of C. Turner, town-sergeant of Alexandria, on the 19th of April, 1800. The condition of the bond was that S. Stephens should remain in and not depart from the said prison rules and bounds as laid out, &c., "until discharged by due course of law." The defendant Thomas pleaded that Stephens was discharged by a warrant from two of the aldermen of Alexandria, directed to the town-sergeant, &c. General demurrer and rejoinder.

THE COURT (THRUSTON, Circuit Judge, absent) adjudged the plea to be bad, it not being a discharge by due course of law. The aldermen of Alexandria not having jurisdiction to discharge a prisoner committed in execution under a process from the circuit court of the United States. See Act Cong. May 28, 1796 (1 Stat. 482).